# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MEGAN KEMP,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-26

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Megan Kemp appeals the sentence imposed following her guilty plea conviction of conspiracy to possess with intent to distribute a controlled substance. Kemp argues that the district court committed procedural and substantive error by failing to account for her cooperation with state authorities in a related criminal matter.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10224

Kemp's contention that the district court failed to consider her cooperation as an 18 U.S.C. § 3553(a) sentencing factor is belied by the record. During sentencing, the district court acknowledged its authority to impose a sentence below the advisory guideline range. In discussing Kemp's argument regarding her cooperation, the district court understood that Kemp wanted her cooperation to be taken into account when determining if a sentence below the advisory guideline range was appropriate. The district court explicitly stated that it would take Kemp's arguments regarding her cooperation into consideration. There is no indication that the district court did not understand its discretion to consider Kemp's assistance to state authorities with respect to the § 3553(a) factors. Accordingly, there was no procedural error. *See United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014).

In addition, Kemp fails to rebut the presumption that her sentence is substantively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The record reflects that the district court considered the relevant § 3553(a) factors as well as Kemp's arguments for mitigating her sentence, but concluded that a within-guidelines sentence was appropriate. This court will not reweigh the § 3553(a) factors. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Kemp's general disagreement with the propriety of her sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to her within-guidelines sentence. *See Cooks*, 589 F.3d at 186; *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.